```
___ FILED            ___ RECEIVED
___ ENTERED          ___ SERVED ON
            COUNSEL/PARTIES OF RECORD

        DEC 1 0 2012

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LARRY L. COX et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 3:11-cv-00454-RCJ-WGC |
| U.S. DEPARTMENT OF AGRICULTURE, | ) ORDER |
| Defendant. | ) |

This case is a removed Petition for Judicial Review ("PJR") originally filed in the Third Judicial District Court of Lyon County pursuant to Nevada Foreclosure Mediation Rule 21(1). Defendant U.S. Department of Agriculture ("USDA") has moved to dismiss. For the reasons given herein, the Court denies the motion and remands the case.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Larry L. Cox and Renee M. Cox are mortgagors of real property in Lyon County who filed the present PJR in the state district court in that county, requesting review of state Foreclosure Mediation Program ("FMP") proceedings between Plaintiffs and Defendant. (*See* PJR, Mar. 8, 2011, ECF No. 1, at 5). Defendant attended the mediation but argued that it was prevented from modifying either the interest rate or loan term by federal statute. (*See id.* 5). Plaintiffs allege Defendant therefore failed to comply with the FMP because it failed to participate in good faith, sent no agent to the mediation with authority to modify the loan, and

failed timely to provide required documents to the mediator. (*See id.*). Plaintiffs ask the Court to lower the interest rate to no higher than 6.5% and extend the loan term to thirty years, with a monthly payment not to exceed $500 and with any past due amount to be amortized into the loan; to fine the USDA; and to award fees, costs, and lost wages. (*See id.* 7–9). Defendant removed and has moved to dismiss.

## II.  LEGAL STANDARDS

"A party to the mediation may file a petition for judicial review with the district court in the county where the notice of default was properly recorded. A hearing shall be held, to the extent that the court deems necessary, for the limited purposes of determining bad faith, enforcing agreements made between the parties within the Program, including temporary agreements, and determining appropriate sanctions pursuant to NRS Chapter 107 as amended." Nev. FMP Rule 21(1) (2011).

In the present case, Plaintiffs have sued the USDA, so removal is available under 28 U.S.C. § 1442(a)(1). However, it is not entirely clear whether a PJR is generally removable under § 1441, which provides for removal jurisdiction wherever the federal court would have had original jurisdiction. This Court in a previous case assumed without deciding that such actions were removable. *See Lucero v. Bank of Am. Home Loans, LLC*, No. 2:11-cv-1326-RCJ-RJJ, 2012 WL 359465, at *3 (D. Nev. Feb. 2, 2012) (Jones, C.J.) (citing former Nev. FMP Rule 6(1) (2009)). Another court of this District has determined that when a PJR is filed in a case where there has in fact been no mediation, the action is generally removable as a civil action because the complaint is not a PJR subject to the Nevada FMP Rules. *See Prasad v. BAC Home Loan Servicing LP*, No. 2:10-cv-01857-RLH-PAL, 2011 WL 1304257, at *3 (D. Nev. Apr. 1, 2011) (Hunt, C.J.). That court suggested that had there been a mediation, a PJR might not be removable because the state district courts would have had exclusive jurisdiction over a PJR. *See id.* ("The rules clearly indicate that participation in the mediation program is a prerequisite to

filing a petition for judicial review. Therefore, Plaintiff's Petition for Judicial Review is not one that would fall within the exclusive jurisdiction of the State Court.").

Generally, perfected state court appeals of state administrative proceedings are removable civil actions under the diversity statute. *Chi. R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578–79 (1954) ("The [condemnation] proceeding before the sheriff is administrative until the appeal has been taken to the district court of the county. Then the proceeding becomes a civil action . . . . When the proceeding has reached the stage of a perfected appeal and the jurisdiction of the state district court is invoked, it then becomes in its nature a civil action and subject to removal by the defendant to the United States District Court."). *Stude* appears to be on point, making perfected PJRs under the Nevada FMP Rules generally removable under 28 U.S.C. § 1441, at least where § 1332(a) is also satisfied.

However, another question is whether the Nevada FMP Rules vest exclusive jurisdiction over PJRs in the state courts. If so, *Stude* and 28 U.S.C. § 1332(a) are inapposite. The language "may file a petition for judicial review with the district court in the county where the notice of default was properly recorded" can be read to imply exclusive jurisdiction in the state courts. The rule notes that a PJR must be filed in the state district court in the county where the notice of default is filed, i.e., where the real property is situated, which reflects a concern not only of geographic venue, but also of jurisdiction and that the proper forum is the state district court, as opposed to the justice court or the federal district court. The language appears to exclude removal jurisdiction because it specifically identifies the trial court rather than simply creates a cause of action.

Additionally, federal courts may abstain in appropriate cases under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). This is such a case. Under *Burford*, a federal court may:

> in its sound discretion . . . refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest [because] it is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their

domestic policy.

*Id.* at 317–18 (internal quotation marks and footnotes omitted). In *Burford* itself, the Supreme Court affirmed abstention in a case involving judicial review of an administrative decision by the Texas Railroad Commission concerning regulation of oil and gas fields, because the regulation of these resources was critical to Texas' domestic policy. *See id.* 318–20. *Burford* abstention "is concerned with protecting complex state administrative processes from undue federal interference." *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004) (citing *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1404 (9th Cir. 1991) (internal quotation marks omitted)). *Burford* abstention is appropriate where "(1) . . . the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) . . . federal review might disrupt state efforts to establish a coherent policy." *Id.* at 1405. Also, "Under *Burford*, abstention may be appropriate 'to avoid federal intrusion into matters which are largely of local concern and which are within the special competence of local courts.'" *Id.* at 1404 (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 1245 v. Public Serv. Comm'n*, 614 F.2d 206, 212 n.1 (9th Cir. 1980)).

## III.   ANALYSIS

Defendant asks the Court to dismiss based upon sovereign immunity, federal preemption, failure to exhaust administrative remedies, and discretionary immunity. The Court will not dismiss, but will remand.

The Court finds that jurisdiction for PJR lies exclusively in the state district courts. Property law is primarily a matter of state law. Most of the federal statutes that establish a real property lien of some kind entrust the perfection and enforcement of such liens squarely within the state law; e.g., federal tax liens. Additionally, recordation and perfection are generally accomplished with the county recorder in the county where the real property is located. It is

reasonable to conclude, therefore, that the drafters of the rule were not just talking about venue, but were expressly providing exclusive jurisdiction in that county's state district court. This is further supported by the fact that the statutorily mandated mediation process is an overlay and additional limitation to the state's statutorily prescribed methods and limitations on the foreclosure and private sale process. The Court concludes that the process must be supervised by the state courts, which are responsible for the FMP rules and for their interpretation and judicial review, as well as the state private sale and foreclosure statutes. Otherwise, appellate review would be through the federal Court of Appeals and Supreme Court and would not reach the Nevada Supreme Court, which court authored the FMP Rules and administers the FMP, except by way of certification from a federal court. Surely, the drafters cannot have intended that process.

Next, *Burford* abstention would be appropriate even if PJR were removable. First, the State of Nevada's interest in review of FMP proceedings is a critical one, as Nevada has for several years been the residential foreclosure capital of the United States. It was for this very reason that the Nevada Legislature empowered the Nevada Supreme Court to create and administer the FMP and directed judicial review of FMP proceedings to the state district courts. Although civil actions concerning common law or statutory wrongful foreclosure claims are not strong candidates for abstention when such actions are initiated as civil actions, review of state administrative proceedings created specifically to address this issue of particular state concern are. The second *Burford* factor also favors abstention, because the federal issue concerns the ability of the Defendant to modify the mortgage under federal statute, and this issue is heavily intertwined with complex state law issues concerning which kinds of certain external restrictions on a beneficiary's FMP agent can constitute bad faith under the FMP rules. The state courts are competent to apply the Supremacy Clause, if necessary, and it is better for the state courts to interpret the state FMP rules first if the adjudication may avoid the federal question completely.

1  Third, removal to federal court will almost certainly make it more difficult for the state to
2  establish a coherent policy for PJR-related issues. Most foreclosure cases in this state are
3  removable under the diversity statute, and defendants in these cases typically remove where
4  removal is available. The acceptance of PJR cases in the federal courts could transfer the
5  determination of the relevant issues almost entirely to the federal courts. The Nevada court
6  system has a difficult enough time as it is quickly issuing reported, authoritative opinions in these
7  matters, seeing as there is no intermediate appellate court in Nevada. Accepting PJR cases in
8  federal court would only serve to frustrate the orderly development of the law in this peculiar and
9  controversial area of state administrative law. All of these circumstances counsel in favor of
10 *Burford* abstention.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that the case is REMANDED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

DATED: This 10th day of December, 2012.

_____
ROBERT C. JONES
United States District Judge