# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LARRY L. COX et al., | ) |
| Plaintiffs, | ) |
| | )   3:11-cv-00454-RCJ-WGC |
| vs. | ) ) |
| U.S. DEPARTMENT OF AGRICULTURE, | )   **ORDER** |
| Defendant. | ) |

This case is a removed Petition for Judicial Review ("PJR") originally filed in the Third Judicial District Court of Lyon County pursuant to Nevada Foreclosure Mediation Rule 21(1). Defendant U.S. Department of Agriculture ("USDA") has asked the Court to reconsider its denial of its motion to dismiss and remand to the state court. For the reasons given herein, the Court denies the motion.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiffs Larry L. Cox and Renee M. Cox are mortgagors of real property in Lyon County who filed the present PJR in the state district court in that county, requesting review of state Foreclosure Mediation Program ("FMP") proceedings between Plaintiffs and Defendant. (*See* PJR, Mar. 8, 2011, ECF No. 1, at 5). Defendant attended the mediation but argued that it was prevented from modifying either the interest rate or loan term by federal statute. (*See id.* 5). Plaintiffs allege Defendant therefore failed to comply with the FMP because it failed to

participate in good faith, sent no agent to the mediation with authority to modify the loan, and failed timely to provide required documents to the mediator. (*See id.*). Plaintiffs ask the Court to lower the interest rate to no higher than 6.5% and extend the loan term to thirty years, with a monthly payment not to exceed $500 and with any past due amount to be amortized into the loan; to fine the USDA; and to award fees, costs, and lost wages. (*See id.* 7–9). Defendant removed and moved to dismiss. The Court denied the motion to dismiss and remanded to state court, ruling that jurisdiction over PJR was exclusive in the state district court and abstaining under *Burford* even considering that there may be concurrent jurisdiction. The USDA has asked the Court to reconsider.

## II.     DISCUSSION

Defendant argues that the present action is barred by the derivative jurisdiction doctrine, that *Burford* abstention does not apply where federal law preempts state law, and that Plaintiffs failed to oppose Defendant's motion to dismiss.

The Court denies the motion. First, Plaintiffs' failure to respond to Defendant's motion cannot have created subject matter jurisdiction in this Court if it was otherwise lacking. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (citing *California v. LaRue*, 409 U.S. 109 (1972)) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, consent of the parties is irrelevant.").

Second, Defendant argues that because the state court itself lacked jurisdiction over this action, this Court cannot have acquired it by removal. Defendant's recitation of the rule is sound. *See Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 288 (1922) ("When a cause is removed from a state court into a federal court, the latter takes it as it stood in the former. A want of jurisdiction in the state court is not cured by the removal, but may be asserted after it is consummated."); *Rodis v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011). Defendant argues from here that the state court had no jurisdiction (because jurisdiction was preempted by the Federal

1  Tort Claims Act or sovereign immunity), that the federal court therefore had no removal
2  jurisdiction, and that the federal court should therefore dismiss for lack of jurisdiction. But
3  whether this Court lacks jurisdiction because jurisdiction in the state court was exclusive (as the
4  Court ruled) or because jurisdiction in the state court was lacking altogether (as Defendant
5  argues), dismissal is not an option under the removal statute. A district court must remand a
6  removed case if it lacks subject matter jurisdiction, period. 28 U.S.C. 1447(c) ("If at any time
7  before final judgment it appears that the district court lacks subject matter jurisdiction, the case
8  shall be remanded."). Defendant may presumably seek dismissal in the state court, whether for
9  lack of jurisdiction or for some other reason, but Defendant's preemption and immunity
10 arguments must be presented to the state court on remand. Ultimately, Defendant asks the Court
11 in substance to enjoin the PJR in state court directly, which this Court may not do. *See* 28 U.S.C.
12 § 2283.

13    Third, Defendant argues that *Burford* abstention is not appropriate here because federal
14 law governing its ability to participate in the FMP preempts any state concerns. The Court finds
15 this argument more persuasive than the others but will not reconsider, as there is simply no
16 subject matter jurisdiction over this case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 18) is DENIED.

IT IS SO ORDERED.

DATED: This 6th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge